(C. D. 1134)

FRITZSCHE BROS., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 13, 1948)

*Eugene R. Pickrell* for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Guy G. Ribaudo* and *Richard F. Weeks*, special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoice as "Mandarin Peel Oil" and was assessed with duty at the rate of 25 per centum *ad valorem* under the provision in paragraph 58 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1001,

par. 58) for "orange oil." It is denied in the protest that the merchandise consists of orange oil and it is claimed to be dutiable at the rate of 12½ percent *ad valorem* under the basket provision at the end of the said paragraph 58, as modified by the French Trade Agreement, T. D. 48316, for "all other essential and distilled oils not specially provided for."

The said paragraph contains a proviso "That no article mixed or compounded with or containing alcohol shall be classified for duty under this paragraph" but in view of the admission implicit in the classification made by the collector under the said paragraph, there seems to be no question but that the merchandise does not fall under the prohibition of the proviso. The paragraph in its entirety will be found in the margin.[1]

It was conceded by counsel for the Government at the trial that the merchandise in issue is an essential oil, so that the only question for determination is whether it is orange oil or some other essential oil.

A sample of the substance in question was offered and received in evidence without objection as plaintiff's exhibit 1. It was identified by three well-qualified chemists as mandarin oil. Each of the three chemists, who were witnesses called by the plaintiff and were experts in the essential oil field, testified that the chemical and physical characteristics of mandarin oil and orange oil are vastly different. It likewise appears that the major use of orange oil is as a flavoring and its minor use is in perfumes, while this situation is reversed as to mandarin oil, its major use being in the production of perfumes and its minor use being in connection with flavoring. Neither oil, it appears, would be a good delivery on an order for the other.

The plaintiff's case is based upon the contention that orange oil and mandarin oil are two distinct articles of commerce. The defendant's position is that mandarin oil is merely a type of orange oil.

Mandarins have been held to be oranges. *Nozaki Bros.* v. *United States*, 64 Treas. Dec. 914, Abstract 25335; *Same* v. *Same*, on rehearing, 68 Treas. Dec. 1091, Abstract 32355.

Under the subject "Orange" the Encyclopaedia Britannica, 1947, gives the following:

\* \* \* The species of orange most important commercially are the sweet or common orange (*C. sinensis*), the mandarin orange (*C. reticulata*), and the sour orange (*C. aurantium*).

The evidence, as well as lexicographers and authorities on the subject, indicates that there are two varieties of orange oil, namely, oil of sweet orange and oil of bitter orange, and that each is derived

[1] PAR. 58. Oils, distilled or essential: Lemon, grapefruit, and orange, 25 per centum *ad valorem;* eucalyptus, 15 per centum *ad valorem;* clove, peppermint, patchouli, sandalwood, and all other essential and distilled oils not specially provided for, 25 per centum *ad valorem\*: Provided,* That no article mixed or compounded with or containing alcohol shall be classified for duty under this paragraph. [Italics supplied.]

\*Rate reduced, T. D. 48316.

from the peel or rind of the corresponding variety of orange. Further, it would appear that not all oranges fall into these two varieties, i. e., sweet and bitter, which yield orange oil. Hence, the mere fact that an oil was derived from the peel of an orange does not establish that it is orange oil.

Webster's New International Dictionary, 2d Ed., 1945, defines "orange oil" as—

A yellow essential oil obtained from orange peel, used principally for flavoring and perfumery; —called *bitter-orange oil* or *sweet-orange oil*, according as obtained from bitter or sweet oranges. *Its chief constituent is limonene.*

Funk & Wagnalls New Standard Dictionary, 1942, in the list under the word "oil," shows the source of orange oil to be "Fruit of orange, bitter or sweet."

At least two scientific authorities, cited by counsel for the plaintiff in the brief filed in its behalf and stated by one of plaintiff's witnesses to be authorities in the essential oil industry, viz, "The Chemistry of Essential Oils and Artificial Perfumes," 4th Revised Edition, by Ernest J. Parry, and "The Volatile Oils," 2d Edition, by Gildemeister and Hoffman, list mandarin oil separately from orange oil.

The Summary of Tariff Information, 1929, compiled by the United States Tariff Commission for the use of the Committee on Ways and Means of the House of Representatives at the time the bill which subsequently became the Tariff Act of 1930 was in preparation, shows the following under the heading "Lemon and Orange Oils" on page 292:

There are two varieties of orange oil in commerce which are almost identical in composition and properties, but possess different odors and flavors. Oil of sweet orange is obtained from the rinds of *citrus aurantium Risso* and oil of bitter orange from the rinds of *citrus bigaradia Risso.* The former is of much more importance and is a yellow liquid having the characteristic odor and taste of orange peel. Orange oil is used in flavoring extracts, confections, soft drinks, and to some extent in medicine and perfumes.

We are satisfied that mandarin oil and orange oil are two separate and distinct articles of commerce, and that the term "orange oil" as commonly and commercially used, does not embrace mandarin oil.

In the brief filed on behalf of the defendant attention is called to the decision of this court in the case of *Fritzsche Bros.* v. *United States,* 33 Treas. Dec. 557, Abstract 41195, which is characterized by counsel for the defendant as "a definite adjudication that mandarin oil was orange oil and not to be classified as essential oils not specially provided for." As reported in the abstract, the words "mandarin oil" are in quotation marks, and a reference to the original decision in the files of this court shows that the court held that the merchandise "described on the invoice as 'Oil Mandarin' is orange oil." This was not an adjudication that mandarin oil is orange oil, but only an adjudication

that certain merchandise which had been described on an invoice as "Oil Mandarin" was, in fact, orange oil. There was nothing to show that the merchandise was also, in fact, mandarin oil. The case is therefore no authority contrary to our holding here.

We find that the merchandise at bar is not orange oil, and since it is an essential oil, not otherwise specially provided for, it takes classification under the basket provision in paragraph 58, *supra*, for "all other essential and distilled oils not specially provided for," as claimed in the protest.

The protest claim is therefore sustained, and judgment will issue accordingly.