BEFORE THE FIRST DIVISION, MAY 25, 1950

**No. 54349.**—Norda Essential Oil & Chemical Co., Inc., et al. *v.* United States, protests 154060–K, etc. (New York).

Opinion by MOLLISON, J.   It was stipulated that the merchandise consists of the essential and distilled oil of amyris balsamifera, which oil differs chemically from true sandalwood oil, and that following the decisions in *Nylos Trading Co.* v. *United States* (21 Cust. Ct. 86, C. D. 1133), affirmed in *Same* v. *Same* (37 C. C. P. A. 71, C. A. D. 422), and *Fritzsche Bros., Inc.* v. *United States* (21 Cust. Ct. 90, C. D. 1134), importations of such oil would now be classified as all other essential and distilled oils, not specially provided for.   Applying the principles of the cited decisions to the facts in the case at bar as established by the stipulation the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, MAY 25, 1950

**No. 54350.**—R. D. Modak *v.* United States, protest 142289–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags and other articles composed wholly or in chief value of vegetable fiber, other than cotton, similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 54351.**—Singh, Singh & Co., Inc. *v.* United States, protest 156269–K (New York).

Opinion by FORD, J.   When this case was called for hearing, counsel for the respective parties agreed that the merchandise consists of silk mufflers valued at more than $5 per dozen pieces the same in all material respects as those the subject of Abstract 46910.   The claim of the plaintiff was therefore sustained.