Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise is similar in all material respects to the so-called rubber boots the subject of Abstract 56309, the claim of the plaintiffs was sustained.

**No. 56799.**—Dodge & Olcott Co. *v.* United States, protest 24035–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that certain items of the merchandise consist of cornmint oil the same in all material respects as that the subject of *A. Maschmeijer, Jr., Inc.* v. *United States* (39 C. C. P. A. 139, C. A. D. 476) and other items consist of mandarin oil similar to that the subject of *Fritzsche Bros., Inc.* v. *United States* (21 Cust. Ct. 90, C. D. 1134), the claims of the plaintiff were sustained.

**No. 56800.**—Consumers Import Co., Inc., and F. W. Hagemann *v.* United States, protests 129544–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of cornmint oil the same in all material respects as that the subject of *A. Maschmeijer, Jr., Inc.,* v. *United States* (39 C. C. P. A. 139, C. A. D. 476), the claim of the plaintiffs was sustained.

**No. 56801.**—General Drug Co. *v.* United States, protest 136504–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of cornmint oil the same in all material respects as that the subject of *A. Maschmeijer, Jr., Inc.* v. *United States* (39 C. C. P. A. 139, C. A. D. 476), the claim of the plaintiff was sustained.

**No. 56802.**—S. Twitchell Company *v.* United States, protest 151413–K (Philadelphia).

Opinion by MOLLISON, J. It was stipulated that the merchandise consists of flavoring extracts manufactured in the United States from domestic alcohol upon which domestic internal revenue taxes were paid, which were exported from the United States; that all of the applicable laws and regulations to permit drawback upon the tax-paid domestic alcohol contained in said exported flavoring extracts were complied with, except that the drawback entry and its accompanying certificate of manufacture were not filed with the collector until more than 2 years from the dates when the flavoring extracts were exported, as specified in section 22.16 (*a*), Customs Regulations of 1943; and that the issue is the same in all material respects as that passed upon in *Sterling Drug, Inc., Successor to Dr. D. Jayne & Son, Inc.* v. *United States* (27 Cust. Ct. 151, C. D. 1361), wherein it was held that the failure of an exporter to complete his drawback claim of expor-